Judge Underwood,
delivered the opinion of the Court.
This is an action of covenant, instituted by the defendants against the plaintiff in error, upon a contract, in writing, by which the plaintiff rented to the defendants, two farms, for one year, and agreed to make certain repairs, and in case he failed, then to pay the defendants $50, for his omission to do so, and in which the plaintiff stipulated to secure peaceable enjoyment, during the term.
The declaration assigned breaches, by averring the failure to do the repairs stipulated for, in the non-payment of the $50, and in the failure to keep the defendants in full and peaceable possession of the premises, during the term. The plaintiff made default, and the court, without the intervention of a jury, rendered a judgment against him, for $50 and interest on it, until paid, from the time he should have completed the repairs.
The proceedings are irregular, andhaVe been loosely conducted, but we believe justice has been done; that the record and judgment may be plead in bar of another action, and that the plaintiff in error, can sustain no injury, from any irregularity, apparent upon the record. The sum of $50 is not a penalty, but a liquidated, certain sum, agreed to be paid, as an equivalent, for failing to repair the fences. The defendants in error, and plaintiffs below, failing to *49 ask a writ of inquiry, thereby abandoned their caus'e of action, for every thing but the money. The cov-énant rendered that certain, and it was proper for the court, Without a jury, to ascertain and give judgment for it. Dicken vs. Smith, I. Lift. 209. The judgment béing rendered for ‡50 and interest, declaring it to be “the débt in the declaration mentioned,” instead of putting principal and interest together, and calling it damages; .should not vitiate. Gano vs. Slaughter, Har. 77; Churchill vs. Rogers, 182. True, in- thése cases, verdicts had been rendered, but since the passage of the statute of 30th January, 1811, no objection, founded on informality, should avail against justice. A justice of the peace had no jurisdiction in this case, because the covenant to pay the money-, is implied with a covenant, for quiet enjoyment of whiéh th'e justice could not take cognizance. To support the idea, therefore, that a justice of the peace could give judgment for the money, would establish the doctrine, that on one part of the covenant, remedy should be sought in the circuit court, and on the Other part, before a justice. We cannot thus multiply actions upon the same instrument. It does not lie in the mouth of the plaintiff in error, to complain that the breach, to secure the defendants in possession, was not sufficiently assigned. He has hot been injur-' ed by it.
Hoggin and Loughborough, for plaintiffs; Combs, for denfendants.
Thus, against first impressions, we can find no cause for reversing the judgment. It is affirmed, with costs.